UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES F. NOEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00343-TWP-DLP |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner James F. Noel is an Indiana state prisoner currently incarcerated at the Correctional Industrial Facility in Pendleton, Indiana. For the reasons explained in this Order, Mr. Noel's petition for a writ of habeas corpus must be **denied** and the action **dismissed for lack of jurisdiction**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Petition for Writ of Habeas Corpus**

Mr. Noel seeks relief from his 2012 Marion County conviction for attempted murder. The trial court sentenced him to 25 years. Mr. Noel brings this current petition after having previously challenged his conviction pursuant to 28 U.S.C. § 2254. On November 15, 2016, Noel filed a petition for a writ of habeas corpus in Case No. 1:16-cv-03116-JMS-MJD. That petition was denied on April 5, 2017. On December 15, 2017, the United States Court of Appeals for the Seventh Circuit denied Mr. Noel's request for a certificate of appealability.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or

successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

Mr. Noel's current § 2254 petition must be summarily dismissed for lack of jurisdiction because it is a second or successive action for such relief, and there is no indication that the Court of Appeals has authorized the filing of a second or successive motion. This disposition is compelled entirely apart from whether Mr. Noel has or lacks a strong case for filing a successive § 2254 petition. That is a point on which the Court expresses no opinion and into which it has no authority to inquire.

## II. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Noel has encountered the hurdle produced by the limitation on filing second or successive habeas petitions without authorization. His petition for a writ of habeas corpus is therefore **dismissed for lack of jurisdiction**.

Judgment consistent with this Order shall now issue.

## III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that no reasonable jurist would find

it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/1/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES F. NOEL
230645
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov