UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES F. NOEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00343-TWP-DLP |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Pending Motions**

**I.**

Petitioner James F. Noel's ("Noel") motions for relief under Rule 60(b), dkts. [26 & 27], are **denied**. "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b).

Noel has filed two motions requesting relief. In his first motion, dkt. [26], Noel states various grounds for relief listed in Rule 60(b), such as newly discovered evidence, but he does not provide any new evidence or make any argument to support each assertion. Noel argues that the trial court judgment is void because he was convicted of murder when no homicide occurred. But he is mistaken. The Court takes judicial notice of the proceedings in Marion Superior Court, Indiana, in case number 49G02-1203-FA-016900. These state court records demonstrate that Noel was charged with, and convicted of, attempted murder.

In his second motion, dkt. [27], Noel argues the merits of his underlying petition. But the Court dismissed Noel's petition as successive and therefore cannot address the merits of this petition. Noel previously challenged his conviction under § 2254 and it was denied. *See* Case No. 1:16-cv-03116-JMS-MJD.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.* Noel's petition was dismissed for lack of jurisdiction because he had not received permission from the Court of Appeals to file it.

The Court's ruling was not deficient, and Noel has not met the standard for relief under Rule 60(b). His motions, dkts. [26 & 27] are therefore **denied.**

## II.

The Noel's motion for clarification, dkt. [28], is **granted to the extent that** this Entry explains why the petition was dismissed. This Court lacks jurisdiction to consider second or successive petitions for relief under § 2254 absent permission from the Court of Appeals. To be clear, this does not mean that the state trial court lacked jurisdiction over Noel at the time of his conviction. It only means that this Court lacks jurisdiction to review his petition.

**IT IS SO ORDERED.**

Date: 11/29/2018

*(signature)*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES F. NOEL
230645
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov